]IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH FREY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Civil No. 1:26-CV-00655<br><br>(Chief Magistrate Judge Bloom) |

MEMORANDUM OPINION

I. Introduction

Sarah Frey filed an application under Title XVI of the Social Security Act for supplemental security income on August 31, 2023.[1] Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Frey was not disabled from the date of her application.[2]

Frey now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence.[3] After a review of the record, and mindful of the fact that substantial evidence "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a

[1] Tr. 17.
[2] Tr. 27.
[3] Docs. 1, 11.

conclusion,'"[4] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Frey filed for supplemental security income, alleging disability due to autism, POTS, anxiety, pectus excavatum, chronic pain, joint hyper mobility, connective tissue disorder, chronic migraine, and scoliosis.[5] Frey was 20 years old at the time of her application, had at least a high school education, and had no past relevant work.[6]

An ALJ held a hearing on Frey's supplemental security income application on February 25, 2025.[7] Frey and a Vocational Expert ("VE") both appeared and testified at this hearing.[8] Following this hearing, on April 9, 2025, the ALJ issued a decision denying the plaintiff's application for supplemental security income.[9] The ALJ first concluded that Frey had not engaged in substantial gainful activity since her application

---

[4] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).
[5] Tr. 56.
[6] Tr. 25, 56.
[7] Tr. 17.
[8] *Id.*
[9] Tr.17-27.

date.[10] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from severe impairments of pectus excavatum deformity, status-post surgery; scoliosis; positional orthostatic tachycardia syndrome; migraine headaches; depression; anxiety; autism; and, attention deficit hyperactivity disorder.[11] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[12]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform sedentary work, in that the plaintiff was limited to occupations she can perform with a hand-held assistive device with a range of postural, atmospheric, and noise limitations, requiring only simple, routine tasks and instructions, and a general educational development ("GED") reasoning level of one or two.[13] The ALJ specified Frey's postural limitations, including that she could never climb ladders, ropes, and/or scaffolds, but could occasionally climb ramps and/or stairs, as well as occasionally balance, stoop, kneel,

---

[10] Tr. 19.
[11] *Id.*
[12] Tr. 19-21.
[13] Tr. 21.

crouch, and/or crawl.[14] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[15] Ultimately, the ALJ concluded that the plaintiff was not as limited as she alleged. Having made these findings, the ALJ found at Step 4 that Frey had no relevant past work but found at Step 5 that she could perform the occupations of election clerk, parimutuel ticket checker, and document preparer.[16] Accordingly, the ALJ found that Frey had not met the stringent standard prescribed for supplemental security income and denied her claim.[17]

This appeal followed. On appeal, Frey argues that the ALJ erred by improperly assessing the opinion of consultative examiner, Ahmed Kneifati, M.D.; failing to develop the record; and finding that the plaintiff's mental impairments are severe. This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

---

[14] *Id.*
[15] Tr. 21-25.
[16] Tr. 25-26.
[17] Tr. 26.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[18] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[19] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[20] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[21]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[22] Instead, we must determine whether there is substantial evidence to

---

[18] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

[19] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[20] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[21] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

[22] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[23] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[24] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[25]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[26] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[27] In making a disability determination, the ALJ follows a five-step

[23] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[24] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[25] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).
[26] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[27] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).

evaluation.[28] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[29]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[30] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[31] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[32]

---

[28] 20 C.F.R. §§404.1520(a), 416.920(a).
[29]20 C.F.R. §§404.1520(a)(4), 416.920(a)(4
[30] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[31] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[32] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[33] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[34]

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or contradict a medical opinion.[35] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[36] Supportability means

---

[33] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[34] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.
[35] 20 C.F.R. § 404.1520c(c).
[36] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).

"[t]he more relevant the objective medical evidence and supporting explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[37] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[38]

It is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[39] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong reason."[40] Further, the ALJ can credit parts of an opinion without giving credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[41] On the other hand, in cases where no medical opinion credibly supports the claimant's

---

[37] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[38] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).
[39] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).
[40] *Mason*, 994 F.2d at 1066.
[41] *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).

allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[42]

C. <u>The ALJ's Decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is supported by substantial evidence in the record.[43] Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Frey claims that remand is warranted because the ALJ failed to properly evaluate the opinion of consultive examiner, Dr. Kneifati, and implicitly rejected greater postural limitations without sufficient explanation.[44] The ALJ found Dr. Kneifati's opinion that Frey could perform a range of sedentary work to be slightly more persuasive than the opinions of the state agency consultants, who found that Frey could perform light work with fewer limitations, considering Dr. Kneifati actually examined the plaintiff.[45] Yet, the ALJ did not adopt Dr.

---

[42] *Cummings*, 129 F. Supp. 3d at 214-15.
[43] *Biestek*, 139 S. Ct. at 1154.
[44] Doc. 11 at 11-15.
[45] Tr. 25.

Kneifati's opinion in its entirety, finding that the opinion failed to explain certain aspects of its limitations and was therefore not well-supported.[46]

Here, while the ALJ did not specifically address which portions of Dr. Kneifati's opinion were rejected, reading the ALJ's decision as whole, we find the decision is supported by substantial evidence.[47] Dr. Kneifati opined that Frey could occasionally climb ramps and/or stairs, and occasionally stoop, kneel, crouch, and/or crawl, but never climb ladders, ropes, and/or scaffolds, and never balance.[48] The ALJ's RFC incorporated all but one of these limitations, finding that the plaintiff can occasionally balance.[49]

While Frey points to additional limitations found by Dr. Kneifati, including that she can only sit for one hour at one time and five hours total,[50] the ALJ adequately explained his rationale for rejecting additional limitations. The ALJ discussed Dr. Kneifati's examination findings, which included unremarkable findings of a normal stance, no

---

[46] *Id.*
[47] *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (an ALJ's decision must be read as a whole).
[48] Tr. 875.
[49] Tr. 21.
[50] Doc. 11 at 20-21.

difficulty getting on and off the examination table or in and out of a chair, negative straight leg raises, equal deep tendon reflexes, full strength, and no sensory deficits.[51] The ALJ compared Dr. Kneifati's findings to limitations following Frey's August 2022 pectus excavatum surgery to relieve compression of her heart and lungs, noting that her symptoms had improved following surgery.[52] The ALJ also noted that Frey's POTS symptoms had some improvement towards the end of 2023.[53] In sum, because the ALJ examined the records as a whole and explained that he did not find support for additional limitations, we conclude that substantial evidence supports the assessment of the opinion evidence in this case.

Frey next argues that the record was not fully developed. Specifically, the plaintiff argues that the ALJ was required to obtain her behavioral therapy treatment records with Teresa Villbrandt, MA, PLC, to more fully develop the record as it relates to her mental health impairments.[54] It is well established that "the claimant bears the burden

---

[51] Tr. 23
[52] *Id.*
[53] *Id.*
[54] Doc. 10 at 13-16.

to develop the record regarding his or her disability."[55] Nevertheless, "ALJs have a duty to develop a full and fair record in social security cases[.]"[56] Where an ALJ believes that records exist which might support a claimant's allegations, then he has a duty to seek them out, even where a claimant is counseled.[57]

Here, the ALJ noted that the plaintiff's symptoms of depression, anxiety, executive functioning deficits, and autism were managed with medications and therapy sessions.[58] Yet, the ALJ also observed that the "mental health treatment evidence was quite limited[,]" and "[t]here is almost no evidence of any care for potential mental disorders."[59] Thus, the ALJ's decision reflects the ALJ was aware there was treatment, but evidence of this treatment was absent from the record. But even assuming that the ALJ "believed that records existed which might have

---

[55] *Brown v. Comm'r of Soc. Sec.*, 2020 WL 1244186, at *3 (E.D. Pa. Mar. 16, 2020) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Circ. 2005)).
[56] *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995).
[57] *See Maldonado v. Kijakazi*, No. CV 22-36, 2022 WL 17742618, at *5 (E.D. Pa. Dec. 16, 2022) (finding an ALJ could not assume that the claimant made his strongest case where the ALJ specifically identified the missing therapist notes as evidence which might have benefitted the claimant).
[58] Tr. 23.
[59] Tr. 24.

supported [the plaintiff's symptom and functioning allegations,"[60] any error in failing to develop the record was harmless because there was sufficient evidence of the plaintiff's mental impairment to make his disability determination.[61]

The record was developed with opinion evidence, Frey's own testimony, and medical records, including the summary report of Ms. Villbrandt of her treatment and interactions with Frey. The ALJ found Ms. Villbrandt's opinion that Frey would "likely need supports" in "major arenas of her life as the demands of adulthood increase" to be unpersuasive, reasoning the statement was "vague and d[id] not speak to specific, quantifiable workplace functional limitations."[62] The ALJ also considered that the opinion of the consultative examiner, Dr. Kathleen Ledermann, yielded quite modest signs and findings.[63] Further, Dr.

---

[60] *Maldonado*, 2022 WL 17742618, at *5 (E.D. Pa. Dec. 16, 2022)

[61] Social Security appeals are subject to harmless error analysis, under which a remand is warranted only if the error "prejudices a party's 'substantial rights[,]'" meaning the error "likely affect[ed] the outcome of the proceeding, . . ." *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016); *Hyer v. Colvin*, 72 F. Supp. 3d 479, 494 (D. Del. 2014). The plaintiff carries the burden of proving that an error was harmful. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

[62] Tr. 21.

[63] Tr. 24.

Ledermann noted that Frey graduated high school in "regular education classes."[64] Frey's mental status examination supported that Frey was cooperative with adequate social skills, self-described her mood as "pretty good," and remained "appropriate to speech and thought content."[65] Frey exhibited "above average intellectual functioning," and "good" insight and judgment."[66]

This was sufficient evidence for the ALJ to make a disability determination with no further development warranted. In addition, Frey has not demonstrated that the missing treatment notes would have yielded a different outcome,[67] especially where the ALJ considered Frey's mental health impairments to be severe.[68] Accordingly, remand is not required.[69]

---

64 Tr. 23.
65 *Id.*
66 Tr. 24.
67 *Durden*, 191 F. Supp. 3d at 450 ("Allowing a claimant to secure a remand for failing to develop the record without any showing of prejudice would allow a back door around the materiality requirement of a sentence six remand.")
68 Tr. 19-21.
69 *See* Herring v. Colvin, 181 F. Supp. 3d 258, 273 (M.D. Pa. 2014) ("Because Plaintiff has not made a minimal, much less clear, showing of prejudice, the Court recommends that her request for remand based on inadequate development of the record be denied.")

Finally, Frey alleges the ALJ erred by deeming her depression, anxiety, autism, and attention deficit hyperactivity to be severe impairments because three medical opinions found mental health found her impairments to cause only mild limitations. We find no error in the ALJ's decision because the ALJ credited her testimony by "offer[ing] [Frey] some benefit of the doubt and find[ing] a moderate limitation in concentrating, persisting, or maintaining pace."[70] But any error in this regard is harmless,[71] as Frey fails to identify any evidence that imposing *fewer* limitations would have led to a different outcome in her case.

In sum, we find that the ALJ considered all the evidence and adequately explained the decision for including or discounting certain limitations as established by the evidence. Accordingly, we find no error with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, this decision will be affirmed.

[70] Tr. 21.
[71] *See Sanders*, 556 U.S. at 409.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 4th day of November 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge